FILED - GR
August 29, 2024 1:28 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JW / 8-29

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES III,
            Plaintiff,

Case No. **1:24-cv-884**

Hon. Hala Y. Jarbou
Chief U.S. District Judge

v.

PROGRESSIVE MICHIGAN INSURANCE COMPANY
            Defendants.

DEMAND FOR JURY TRIAL

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Michigan, and Defendant are citizens of the State of Ohio which is incorporated and headquartered at 6300 Wilson Mills Road Mayfield Village, OH 44143 The amount in controversy exceeds $75,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over Defendant as they conduct business within the State of Michigan and the claims arise from their business activities within the state.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) as a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

4. Plaintiff, David Angel Sifuentes III, is an individual who is a citizen and residing in the State of Michigan.

5. Defendant, Progressive Michigan Insurance Company, is an insurance company incorporated and a citizen in the State of Ohio with its principal place of business in Mayfield Village, Ohio. It is authorized to conduct insurance business in the State of Michigan.

6. Defendant, Progressive Marathon Insurance Company, is an insurance company incorporated in the State of Ohio with its principal place of business in Mayfield Village, Ohio. It is authorized to conduct insurance business in the State of Michigan.

**FACTS**

7. Plaintiff was insured under a Progressive Michigan Automobile Insurance Policy in Michigan.

8. Plaintiff made a first-party claim for physical damage or theft to a vehicle and received a Total Loss Claim Payment from July 18, 2016, through July 22, 2024.

9. On August 28, 2024, Plaintiff received notice of the potential claims against Defendants related to the Total Loss Claim Payments.

10. Defendants breached their insurance contract with Plaintiff by failing to include Sales Tax, a Certificate of Title Fee, and/or a Vehicle Registration Transfer Fee in the Total Loss Claim Payment.

11. Plaintiff has suffered damages as a result of Defendants' breach of contract, including the unpaid Sales Tax, Certificate of Title Fee, and/or Vehicle Registration Transfer Fee.

12. Defendants owed a duty of care to Plaintiff to properly handle his insurance claim and provide a fair and accurate Total Loss Claim Payment.

13. Defendants breached their duty of care by failing to include Sales Tax, a Certificate of Title Fee, and/or a Vehicle Registration Transfer Fee in the Total Loss Claim Payment.

14. Plaintiff has suffered damages as a result of Defendants' negligence, including economic losses and emotional distress.

15. Defendants, as Plaintiff's insurer, owed a fiduciary duty to Plaintiff to act in his best interests and with the utmost good faith and fair dealing.

16. Defendants breached their fiduciary duty by failing to include Sales Tax, a Certificate of Title Fee, and/or a Vehicle Registration Transfer Fee in the Total Loss Claim Payment, prioritizing their own financial interests over Plaintiff's.

17. Plaintiff has suffered damages as a result of Defendants' breach of fiduciary duty.

18. Defendants' conduct was unprofessional, causing further harm and distress to Plaintiff.

## CAUSES OF ACTION

## COUNT I: BREACH OF CONTRACT

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18.

20. Defendants breached their insurance contract with Plaintiff by failing to include Sales Tax, a Certificate of Title Fee, and/or a Vehicle Registration Transfer Fee in the Total Loss Claim Payment.

21. Plaintiff has suffered damages as a result of Defendants' breach of contract.

## COUNT II: VIOLATION OF MICHIGAN'S UNFAIR TRADE PRACTICES ACT

3

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21.

23. Defendants' actions in failing to include Sales Tax, a Certificate of Title Fee, and/or a Vehicle Registration Transfer Fee in Total Loss Claim Payments constitute unfair and deceptive trade practices in violation of Michigan's Unfair Trade Practices Act, Mich. Comp. Laws § 500.2001 et seq.

24. Plaintiff has suffered damages as a result of Defendants' unfair and deceptive trade practices.

## COUNT III: NEGLIGENCE

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24.

26. Defendants owed a duty of care to Plaintiff to properly handle his insurance claim and provide a fair and accurate Total Loss Claim Payment.

27. Defendants breached their duty of care by failing to include Sales Tax, a Certificate of Title Fee, and/or a Vehicle Registration Transfer Fee in the Total Loss Claim Payment.

28. Plaintiff has suffered damages as a result of Defendants' negligence.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28.

30. Defendants' negligent conduct caused Plaintiff to suffer emotional distress, including anxiety, being mad, frustration, and worry.

31. Plaintiff has suffered damages as a result of Defendants' negligent infliction of emotional distress.

4

## COUNT V: BREACH OF FIDUCIARY DUTY

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31.

33. Defendants, as Plaintiff's insurer, owed a fiduciary duty to Plaintiff to act in his best interests and with the utmost good faith and fair dealing.

34. Defendants breached their fiduciary duty by failing to include Sales Tax, a Certificate of Title Fee, and/or a Vehicle Registration Transfer Fee in the Total Loss Claim Payment, prioritizing their own financial interests over Plaintiff's.

35. Plaintiff has suffered damages as a result of Defendants' breach of fiduciary duty.

## COUNT VI: UNPROFESSIONAL CONDUCT

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35.

37. Defendants' conduct in handling Plaintiff's claim and subsequent communications was unprofessional, causing further harm and distress to Plaintiff.

38. Plaintiff has suffered damages as a result of Defendants' unprofessional conduct.

## DAMAGES AND INJUNCTIVE RELIEF

39. Plaintiff has suffered actual damages in the amount of $300,000.

40. Defendants' conduct was willful, wanton, and in reckless disregard of Plaintiff's rights, warranting an award of punitive damages in the amount of $650,000.

41. Plaintiff seeks injunctive relief to prevent Defendants from engaging in similar unfair and deceptive practices in the future.

## CLASS ACTION AND INDIVIDUAL LAWSUIT

42. Plaintiff's right to file this individual lawsuit is not precluded by the existence of the class action, *Ubillus v. Progressive Marathon Ins. Co.* and *Perry, et al. v. Progressive Michigan Ins. Co., et al. No. 2019-741-CK*

43. Whether Plaintiff opts out of the class action or not, he retains the right to pursue his individual claims against Defendants in this lawsuit. This right is non-jurisdictional and does not affect the Court's subject matter jurisdiction.

## CASE LAW IN SUPPORT

- ***Kewin v. Massachusetts Mutual Life Ins. Co.***, 409 Mich. 401, 295 N.W.2d 50 (1980): Establishes that an insurer has a fiduciary duty to act in the best interests of its insured and with the utmost good faith and fair dealing.

- ***Smith v. Allstate Ins. Co.***, 403 Mich. 639, 271 N.W.2d 749 (1978): Upholds the right of an insured to sue their insurer for breach of contract and bad faith.

- ***McCormick v. Carrier***, 487 Mich. 180, 795 N.W.2d 517 (2010): Recognizes the tort of negligent infliction of emotional distress in Michigan.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

6

a. Award Plaintiff actual damages in the amount of $300,000;

b. Award Plaintiff punitive damages in the amount of $650,000;

c. Award Plaintiff pre- and post-judgment interest;

e. Grant injunctive relief to prevent Defendants from engaging in similar unfair and deceptive practices in the future; and

f. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: _____
In Pro Se
David Angel Sifuentes III
439 More St. NE
Unit 2
Grand Rapids, MI 49503
(616) 283-5215


Dated: August 29, 2024

To: Clerk
399 Federal Bldg
110 Michigan St NW
Grand Rapids, MI 49503


From: David Angel Sifuentes III
439 More St. NE Unit 2
Grand Rapids, MI 49503

Re: ***David Angel Sifuentes III v. Progressive Michigan Insurance Company, Case No.***

Dear Clerk:
   Enclosed please find for filing in the above matter one original of Plaintiffs complaint for damages and injunctive relief, declaration in support, motion to prevent unauthorized screening of the merits of plaintiff's complaint and the unconstitutional use of the court's sanction order to deny plaintiff his constitutional right to seek redress, proceed in forma pauperis, and right to a jury trial, and application to proceed in district court without prepayment of filing fees. Thank you. The address to issue the summons is:

The Progressive Corp
6300 Wilson Mills Rd.
Mayfield Village, Ohio 44143

Phone no. 1-440-461-5000

I am filing in Pro Se if you have any questions please contact me at 616-283-5215 are email at davidsifuentes61@yahoo.com. Thank you for your time in this matter. Have a great day.
Respectfully,

David Angel Sifuentes III
In Pro Se
Ph. 616-283-5215
Email: davidsifuentes61@yahoo.com

Dated: August 29, 2024

CC: File